

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**CONNER J. SMITH**
*Assistant Corporation Counsel*
Labor & Employment Division
(212) 356-3574
coquinn@law.nyc.gov

June 28, 2024

**VIA ECF**
Hon. Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
Courtroom 9B
500 Pearl Street
New York, NY 10007

> The initial case management conference set for July 22, 2024, along with associated deadlines, is adjourned until September 26, 2024 at 11:00 AM. Counsel for the parties are directed to call my conference line at the scheduled time. Please dial (646) 453-4442, Access Code: 748 380 246#. Initial Conference set for 7/22/2024 at 11:00 AM before Magistrate Judge Robyn F. Tarnofsky.
>
> Date: 7/1/2024
> New York, NY
>
> SO ORDERED
>
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

Re:  Levine v. DOE, et al.,
1:24-cv-01110 (JHR) (RFT)

Dear Judge Tarnofsky:

      I am an Assistant Corporation Counsel in the office Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for Defendants Department of Education ("DOE"), Tanya Drummond, Principal of C.S. 211 – The Bilingual School, and Howard Macdonald, Assistant Principal of C.S. 211 – The Bilingual School in the above-referenced action. I write to respectfully request a stay of discovery, including adjournments of the deadline for the parties to file a joint Proposed Discovery Plan and Scheduling Order ("PDP"), currently due July 15, 2024, and the Initial Case Management Conference, currently set for July 22, 2024, *sine die*, pending the resolution of Defendants' forthcoming motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Plaintiff consents to this request.

      Pursuant to Your Honor's Individual Rules, Defendants respectfully submit this letter motion in support of their request for a stay. This is the Defendants' first request for a stay in discovery.

**A.**  **Procedural History**

      Plaintiff, a former probationary physical education teacher, alleges, pursuant to 42 U.S.C. § 1983 and the First Amendment, that his school's administration retaliated against him because he called NYC 311 and "asked for the City's intervention in securing our schools."

Plaintiff called NYC 311 after allegedly being threatened by a student. Following Plaintiff's call to NYC 311, the New York City Police Department contacted the school's principal. Plaintiff alleges that following the NYPD's involvement, his ratings went from "effective" to "ineffective" which eventually resulted in termination of his probationary employment.

On May 7, 2024, Defendants submitted a letter motion for an extension of time to respond to the complaint until July 8, 2024. See ECF Dkt. No. 10. Defendants' request was granted. See ECF Dkt. No. 11. On May 8, 2024, Your Honor scheduled an Initial Case Management Conference See ECF Dkt. No. 12. Your Honor also directed parties to "confer at least 21 days before the Initial Case Management Conference to discuss the matters set forth in Rule 26(f) of the Federal Rules of Civil Procedure" and to "comply with their Rule 26(a) initial disclosure obligations no later than 14 days after the parties' Rule 26(f) conference." Id. Parties were further directed to complete and file the Report of Rule 26(f) Meeting and Proposed Case Management Plan by July 15, 2024. Id.

Following discussions between parties about the best day and format for the Initial Case Management Conference, parties agreed that it is in the best interest of both parties and judicial economy to postpone any discovery and initial conferences until after a decision on Defendants' forthcoming Motion to Dismiss has been rendered.

**B.      Basis for Stay and Adjournment**

Pursuant to Fed. R. Civ. P. 26(c), courts have discretion to stay discovery for good cause pending the outcome of a fully dispositive motion to dismiss. See Zunzurovski v. Finger, 2023 U.S. Dist. LEXIS 187066, at *3 (S.D.N.Y. Oct. 12, 2023). "Good cause may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order." Wells Fargo Bank, N.A. v. United States Life Ins. Co. in the City of N.Y., 2023 U.S. Dist. LEXIS 11942, at *4 (S.D.N.Y. Jan. 20, 2023) (quoting Niv v. Hilton Hotels Corp., 2007 U.S. Dist. LEXIS 12776 (S.D.N.Y. Feb. 15, 2007)).

Here, Defendants' forthcoming motion is potentially dispositive, the stay would only be for as long as the court determines is necessary to conduct full briefing on Defendants' motion to dismiss, and Plaintiff will not be prejudiced as he has yet to request any discovery and consents to this request.

When the ruling on a dispositive motion "may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden." Wells Fargo Bank, N.A., 2023 U.S. Dist. LEXIS at *6 (S.D.N.Y. Jan. 20, 2023) (quoting Rivera v. Heyman, 1997 U.S. Dist. LEXIS 2003, at *1 (S.D.N.Y. Feb. 27, 1997). If Defendants' forthcoming motion is granted, discovery will be unnecessary and "any discovery that is engaged in while the motion is pending could impose costs on the parties that could be wholly unnecessary." Wells Fargo Bank, N.A., 2023 U.S. Dist. LEXIS at *6 (S.D.N.Y. Jan. 20, 2023).

A delay will not result in any loss of evidence, nor will it increase difficulties of discovery, and delay alone does not constitute prejudice. See, e.g., Davis v. Musler, 713 F.2d 907,

916 (2d Cir. 1983); O'Sullivan v. Deutsche Bank AG, 2018 U.S. Dist. LEXIS 70418, at *30 (S.D.N.Y. Apr. 26, 2018) ("the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery").

C.  **Alternative Request for an Extension and Adjournment**

If the Court is inclined to reject the request for a stay, Defendants respectfully request that the Court grant a sixty-day extension to complete the Initial Case Management Conference procedure as outlined in Your Honor's May 8, 2024, order.

Defendants respectfully request that Your Honor issue an Order staying discovery, including adjournments of the deadline for the parties to file a joint PDP, currently due July 15, 2024, and the Initial Case Management Conference, currently set for July 22, 2024, *sine die*, pending the resolution of Defendants' forthcoming motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

I thank the Court for its consideration and attention to this matter.

Respectfully submitted,

*/s/ Conner J. Quinn*

Conner J. Quinn
Assistant Corporation Counsel

cc:  Brendan Levine (via email and first class mail)
     Plaintiff Pro Se
     212-04 75th Ave, Apt 6O
     Oakland Gardens, NY 11364
     Brendan.Levine 1@gmail.com