UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENDAN LEVINE,<br><br>                              Plaintiff,<br><br>           -v.-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,<br><br>                              Defendants. | 24 Civ. 1110 (JHR) (RFT)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

Plaintiff Brendan Levine, acting *pro se*,[1] brings this action against the New York City Department of Education (the "DOE"), Principal Tanya Drummond in her individual capacity, and Assistant Principal Howard MacDonald in his individual capacity (collectively, "Defendants"), for "retaliation for First Amendment protected speech." ECF No. 1 (Compl.) at 2. Specifically, Plaintiff avers that Defendants gave Plaintiff "poor ratings [as a teacher] . . . , [a] disciplinary letter . . . , and [a] discontinuance from the DOE effective July 25, 2022, [due to Plaintiff] exercising [his] First Amendment rights in speaking up about school safety, consequences regarding making threats, and school shooting prevention." *Id*. at 15. Before the Court is the Report and Recommendation of Magistrate Judge Robyn F. Tarnofsky recommending that Defendants' motion to dismiss for failure to state a claim be denied. ECF No. 27. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Tarnofsky's recommendation.

---

[1] As of March 25, 2025, Plaintiff is no longer proceeding *pro se*. *See* ECF No. 33 (noting appearance of counsel).

**BACKGROUND**

Plaintiff filed his Complaint on February 13, 2024.[2] On February 15, 2024, the Honorable Laura Taylor Swain denied Plaintiff's application to proceed *in forma pauperis*. ECF No. 3. Plaintiff paid his filing and administrative fees on March 4, 2024. The case was then assigned to this Court. The Court referred the action to the Magistrate Judge who was initially designated. ECF No. 4. Subsequently, the case was reassigned to Judge Tarnofsky for general pretrial purposes and for a Report and Recommendation on dispositive motions. ECF Nos. 4, 20. On March 13, 2024, Judge Tarnofsky issued an Order of Service. ECF No. 6. Defendant DOE appeared on May 7, 2024, ECF No. 9, and Defendants Drummond and MacDonald appeared on June 28, 2024, ECF No. 13.

On July 8, 2024, Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b). ECF No. 16-2 at 6. Plaintiff filed an opposition to Defendants' motion on August 19, 2024. ECF No. 19. On September 9, 2024, Defendants filed a reply memorandum in further support of their motion. ECF No. 21.

On January 17, 2025, Judge Tarnofsky issued a 34-page Report and Recommendation recommending that the Court deny Defendants' motion to dismiss. *See* ECF No. 27. at 1. The Report and Recommendation notified the parties that they had "fourteen days . . . to file written objections." *Id*. at 34. The Report and Recommendation also cautioned that "FAILURE TO OBJECT WITHIN FOURTEEN DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW." *Id.* No objections have been filed, nor has any request to extend the time to object been made.

---

[2] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 27.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would "RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW," ECF No. 27 at 34, Defendants did not file any objections to the Report and Recommendation. Thus, Defendants waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is well reasoned and grounded in fact and law.

Accordingly, the Report and Recommendation is adopted in its entirety, and the Court hereby denies Defendants' motion to dismiss. The Clerk of Court is directed to terminate ECF No. 16.

SO ORDERED.

Dated: March 31, 2025
New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge